**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christian Marcelo AVELAR–CEJA,**
**Defendant—Appellant.**

No. 07–50448.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2008.

Filed Aug. 19, 2008.

Christopher R. McFadden, Steven De Salvo, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

---

\* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

MEMORANDUM **

Christian Marcelo Avelar–Ceja appeals the district court's denial of his motion to suppress, arguing that the Border Patrol agent lacked reasonable suspicion to stop his truck. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In light of the totality of the circumstances, the border patrol agent had a "particularized and objective basis for suspecting [Avelar–Ceja] of criminal activity." *United States v. Berber–Tinoco,* 510 F.3d 1083, 1087 (9th Cir.2007) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Stationed on Frink Road at the intersection of Highway 111, the border patrol agent observed Avelar–Ceja make a U-turn on the highway and head away from the checkpoint. After the agent pulled out behind him, Avelar–Ceja made a second U-turn and eventually turned onto Frink Road, a road that can be used to avoid the checkpoint on Highway 111. *See United States v. Garcia–Barron,* 116 F.3d 1305, 1306 (9th Cir.1997). These turns, coupled with the officers' observations about the vehicle and the area, provided reasonable suspicion to support the stop.

As we have already recognized, "a U-turn on a highway is very different from reversing direction by using a designated highway exit. The use of a highway exit is both frequent and legal; in contrast, a U-turn on a highway is unusual and often illegal." *United States v. Montero–Camargo,* 208 F.3d 1122, 1138 (9th Cir.2000) (en banc). Two U-turns in succession and within a mile of a checkpoint, as occurred in this case, are even more unusual. Moreover, "it is highly unlikely that the reason for the U-turn was that the [truck]

had accidentally passed [its] exit point." *Id.* According to the agent's testimony, no dirt or paved roads intersect Highway 111 in the area where the truck made the U-turns. Regardless of whether these turns *could* have been made by a lost driver looking for Frink Road, which intersects the highway just north of where the U-turns took place, "[a] determination that reasonable suspicion exists ... need not rule out the possibility of innocent conduct." *United States v. Arvizu,* 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

In addition to these turns, which the agent understood to be an attempt to evade both his vehicle and the checkpoint, the district court credited the agent's testimony that Avelar–Ceja's vehicle appeared to be heavily loaded, was similar to vehicles commonly used in smuggling, was covered by a tarp commonly used by smugglers, and traveled in an area known for smuggling activity. In light of the totality of the circumstances, the district court properly concluded that the agent had reasonable suspicion to stop Avelar–Ceja's truck.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.